### In the Matter of Karen de KLEINMAN, Debtor.

### No. 95 Civ. 0165(RO).

United States District Court, S.D. New York.

July 14, 1999.

Karen de Kleinman, New York City, pro se.

Kaye, Scholer, Fierman, Hays & Handler, LLP, Michael A. Lynn, New York City, for Michele F. Brainen, Heidi Fleisher, and Sylvia L. Brainen, intervenors.

### OPINION AND ORDER

OWEN, District Judge.

Karen de Kleinman, who for five years outrageously tweaked and flouted the federal courts and went to jail for it, has now, to obtain money, turned her sights on her elderly mother, Sylvia L. Brainen, whose competence is so poor that she is now sadly a ward of the Florida courts. Michele F. Brainen, Heidi Fleisher, another daughter and granddaughter, respectfully, of Sylvia, are her court-appointed guardians. They and Sylvia Brainen (collectively, the "Brainens") move, by Order to Show Cause, against Karen de Kleinman and her daughter Sabrina Kleinman [1] (i) to allow the Brainens to intervene in this federal action, (ii) to hold Karen de Kleinman and Sabrina Kleinman in civil contempt of an order of this court entered on July 9, 1997 (the "1997 Order"), and (iii) to award attorneys fees and expenses of over $50,000 in defending the guardianship against new judicially-determined baseless claims in Florida.

Karen de Kleinman has a long history of multitudinous frivolous litigation in this court. *See In re Karen de Kleinman,* 923 F.Supp. 24, 25 (S.D.N.Y.1996) (explaining her "scorched earth campaign of litigation" since 1991). The 1997 Order requires that Karen and Sabrina [2] append evidence of

---

**1.** Sylvia Brainen is the mother of both Karen de Kleinman and Michele Brainen, and is the grandmother of Heidi Fleisher. Matriarch Sylvia Brainen, an 85 year old lady, is "incapable of the care, custody, and management of her estate by reason of age or physical infirmity," and Michele Brainen and Heidi Fleisher were appointed co-guardians of Sylvia

Brainen in October 1996. *In re Guardianship of Sylvia L. Brainen,* Order Appointing Guardian Upon Petition for Voluntary Guardianship, Circuit Court for Palm Beach County, Florida, File No. CG 96–642–IB (Oct. 10, 1996).

**2.** The 1997 Order applies to Sabrina Kleinman as well as Karen de Kleinman. Para-

this sorry litigation record (which has been described as a record of "belligerence," a "history of pursuing frivolous appeals," and a series of attempts to use the courts to delay and avoid judgments against them, *see de Kleinman,* 923 F.Supp. at 27), to any documents filed in any future litigation anywhere so that future courts and litigants be on notice. Specifically, the 1997 Order requires, in relevant part, that Karen and Sabrina must attach to any document filed which commences an action or "seeks to intervene or *participate* in any existing action or proceeding" a) a copy of the 1997 Order and the September 7, 1996 Memorandum Decision of this court, b) a copy of the decision in *In re de Kleinman,* 923 F.Supp. 24 (S.D.N.Y.1996), and c) a statement specifically referring such tribunal to the then five-year plethora of litigation abuses[3] by Karen de Kleinman, as it is documented in those as well as innumerable other court records, starting with the Bankruptcy Court, to this Court to the Court of Appeals[4] to the Supreme Court of the United States.[5]

The 1997 Order was specifically occasioned by the need to protect the bankruptcy trustee appointed to her case (and related parties) from subsequent baseless harassing litigation and baseless appeals (see footnote 3, *supra*). But, as was feared by me at the time and was the reason for the 1997 Order having the broad notification provisions to all courts it did (see footnote 5, *supra*), was that as is obvious now, Karen de Kleinman, aided and abetted in Florida by her daughter Sabrina, has continued the same tactics, abusing now the Florida courts to protect her shocking anti-social conduct, this time directed at her incapacitated mother. Thus, according to findings of a Florida Circuit Court following evidentiary hearings in March of this year (1999), it appears that commencing in 1998, Karen and Sabrina endeavored to destroy the existing guardianship of Karen's mother, Sylvia, by movants herein, Michele Brainen and Heidi Fleisher, with the apparent aim of getting control of her mother and her assets (see *infra*). In December 1998, and January 1999, in response to this, the Florida Circuit Court first limited Karen and Sabrina's rights to visit Sylvia, requiring that the weekly visits be supervised and ordering Karen and Sabrina not to make negative comments about the mother's

graph G, which is at issue here, specifically applies not only to Karen de Kleinman but also to "any individual or entity acting for her or at her behest." Also, Paragraph I provides that "[a]ll provisions of the Order which apply personally to the debtor shall apply equally to persons or entities acting on her behalf, or at her direction or instigation, or acting in concert with her." Furthermore, the first page of the Order refers to Sabrina specifically.

3. The Court of Appeals for the Second Circuit eventually, after warnings, required her to seek leave of the Court before filing any future appeals. As to that order, de Kleinman said, "... that order is void, too."

4. Including impugning the integrity of various District Court and Court of Appeals judges.

5. Paragraph G of the 1997 order reads:

G. When filing or causing to be filed any document which initiates or commences any new action or proceeding, or seeks to intervene or participate in any existing action or proceeding in any state, county, municipal or other non-federal court, agency, tribunal or forum in the United States, the Debtor or any individual or entity acting for her or at her behest must attach to any such document: (a) a copy of this Order together with a copy of the Memorandum Decision of this Court dated September 7, 1996; (b) a copy of the opinion of the Court in *In re de Kleinman,* 923 F.Supp. 24 (S.D.N.Y.1996); and (c) a statement in the following form: the statement shall be entitled "Informational Statement Concerning Litigation History of Karen de Kleinman, Pursuant to Court Orders;" its text shall read, "Pursuant to Orders of the United States District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit, this tribunal is respectfully referred to the litigation history of Karen de Kleinman, described in the September 7, 1996 Memorandum Decision and in *In re de Kleinman,* 923 F.Supp. 24 (S.D.N.Y.1996), copies of which are attached hereto for ease of reference."

guardians nor discuss money issues, among other restrictions.[6]

True to form, on February 16, 1999, Karen and Sabrina appealed the January 14, 1999, Order to the Fourth District Court of Appeal. *In re Guardianship of Sylvia Brainen,* Notice of Appeal, Case No. CG 96–642–IB, February 16, 1999.

Things got worse, however, and the Florida Court, on March 26, 1999, having taken evidence, found Karen and Sabrina in civil contempt of its prior orders circumscribing visitation rights with Sylvia, noting that the "DeKleinmans consciously undertook to frustrate this Court's prior Orders and create turmoil with [Sylvia Brainen]." *In re Guardianship of Sylvia Brainen,* Case No. CG 96–642 IB (Fla.Cir. Ct. March 26, 1999). Further noting the de Kleinmans' "contemptuous conduct," the court revoked its prior Orders and eliminated visitation and communication rights altogether. *Id.* The court made specific findings that the de Kleinmans were "Discussing their financial needs in the presence of the Ward [Sylvia Brainen] .... [and][a]ttempting to coach [her] concerning her testimony at evidentiary hearings." *Id.* The court authorized the guardians to get an unlisted phone for Sylvia and further ordered AT & T not to furnish the number to anyone. *Id.* And, as usual, on April 22, 1999, Karen and Sabrina appealed that Order. Notice of Appeal, Case No. CG 96–642–IB, April 22, 1999.

At no time did Karen or Sabrina comply with the requirements of this Court's 1997 Order to put any court on notice of their destructive contemptuous attitude toward the courts from bottom to top by filing the designated documents as specified, and as set forth here in footnotes 5 and 8, *supra.* They have now created turmoil, pain and distress to all parties, including Sylvia and the relatives truly caring for her. The Brainens, learning of this Court's 1997 Order, and to get support in obtaining surcease, moved on June 7, 1999, by Order to Show Cause which I signed. Had the de Kleinmans followed the order and attached the requisite documents, perhaps much time and expense might have been saved and needless injury to the Brainens averted. That, indeed, as has been stated, was the purpose of the 1997 Order.

The de Kleinmans having apparently moved from one motel to another in Florida without forwarding addresses, I eventually caused the service of the Order to Show Cause here be made in exact accord with the specific written directions that Karen and Sabrina furnished to the United States Court of Appeals for the Second Circuit on April 21, 1999 and the District Court of Appeal of the State of Florida for the Fourth District on May 27, 1999, for the service of papers, to wit:

Olympic Tower
641 Fifth Avenue
New York, N.Y. 10022
(212) 751–1666 (Leave message with Susan.)[7]

Such service was made in accordance therewith by the United States Marshals Service on June 17, 1999.

Karen de Kleinman and Sabrina Kleinman, not appearing before this court on the return date of the motion, nor submitting any answering papers, have defaulted. Accordingly, I grant the Brainens' motion to intervene in this action,[8] and I find and

---

6. The court also noted that "[i]t is the responsibility of the DeKleinmans to provide the Court and parties hereto with an address for an appropriate means of contact."

7. The court notes that the Bell Atlantic Manhattan White Pages correctly lists the phone number for the Olympic Tower as (212) 751–7666, at which number there is a Susan.

8. I note that the Brainens are "parties in interest" to Karen's bankruptcy case, which is still open, according to Bankruptcy law, 11 U.S.C. § 1109, and they filed proofs of claims in the Bankruptcy court on July 7, 1991. Therefore they come under the protection of Section D of my 1997 Order as well, which provides:

D. The Debtor must obtain an order of this Court granting her leave to commence

adjudicate Karen de Kleinman and Sabrina Kleinman to be in civil contempt of the July 9, 1997 Order from this Court. Furthermore, Karen de Kleinman and Sabrina Kleinman are ordered not to take any future litigation steps against Michele F. Brainen, Heidi Fleisher, and Sylvia L. Brainen, without first furnishing to whatever Court is involved the documentation listed in either Paragraph D or G of the 1997 Order whenever they participate in such court proceeding, even if they do not file documents in connection with those proceedings. At such time as the de Kleinmans are located and can be caused to appear in this Court, other remedies for the contempt I have found can be assessed and imposed, if appropriate, after a hearing. I decline, however, to restrain Karen and Sabrina from participating in the Florida proceedings, and decline to require them to withdraw their Florida appeals. Until the de Kleinmans, mother and daughter, are before me, I deny without prejudice the Brainens' request for attorneys fees and other expenses asserted to have been wrongfully inflicted upon the Brainens, with leave to renew. This Opinion and Order is being served on the de Kleinmans in accordance with their directions (see *supra*), and they are ordered, upon notice thereof, to contact the Court and appear before it as shall be arranged or otherwise compelled by the Court.

So ordered.

---

any action or proceeding against any other person or entity, other than the Trustee Parties, who has encountered the Debtor in the Bankruptcy Court, the United States District Court S.D.N.Y. and/or the Court of Appeals, 2nd Cir., in any capacity (or who has had any connection with litigation involving her in any way); in seeking leave of this Court, the Debtor is required to bring those proceedings originally in this Court, and for those actions, and any other actions commenced by her in this Court, the Debtor is required to do *all* of the following:

(1) the Debtor must file with the Complaint or pleading a Motion bearing the caption, "Motion Pursuant to Court Order Seeking Leave to File" (hereinafter referred to simply as the "Motion");

(2) As Exhibit 1 to the Motion, the Debtor must attach a copy of this Order together with a copy of the Memorandum Decision of this Court dated September 7, 1996;

(3) As Exhibit 2 to the Motion, the Debtor must attach either a Declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn Affidavit certifying that the claim she wishes to present is a new claim never before raised by her in this or any other Court;

(4) As Exhibit 3 to the Motion, the Debtor must identify, by listing the full caption, each and every suit previously filed by her or on her behalf in any Court against each and every defendant to the suit she wishes to file;

(5) As Exhibit 4 to the Motion, and continuing as necessary, the Debtor must provide a copy of each such Complaint and a certified record of its status or disposition; and

(6) The Debtor must serve a copy of this Court's Order on each Defendant if and when leave to serve the subject Complaint in the new case is granted by final order of this Court.

*In re Karen de Kleinman,* No. 95 Civ. 0165 (S.D.N.Y. July 9, 1997).